RICE, RESPONDENT, *v.* CERTAINTEED CORPORATION, PETITIONER.

[Cite as *Rice v. CertainTeed Corp.* (1999), 84 Ohio St.3d 417.]

(No. 98–84—Submitted December 1, 1998—Decided February 10, 1999.)

*Millisor & Nobil, Harley M. Kastner* and *Keith L. Pryatel,* for petitioner CertainTeed Corporation.

*Raymond Vasvari; Spater, Gittes, Schulte & Kolman* and *Frederick M. Gittes,* for respondent Ken Rice.

*Betty D. Montgomery,* Attorney General, and *Kimberly L. Charles,* Assistant Attorney General, in support of petitioner, for *amicus curiae* Ohio Attorney General.

*Manley, Burke, Lipton & Cook* and *Robert H. Mitchell,* in support of respondent, for *amicus curiae* Ohio Academy of Trial Lawyers.

*Spater, Gittes, Schulte & Kolman* and *Frederick M. Gittes;* and *Louis Jacobs,* in support of respondent, for *amicus curiae* American Association of Retired Persons et al.

---

Cook, J.   Pursuant to S.Ct.Prac.R. XVIII, the United States District Court certified the question of "Whether punitive or exemplary damages are available in an employment discrimination action arising under Ohio Rev.Code § 4112.99."

Our response is "yes."   R.C. 4112.99 authorizes an award of punitive damages in civil employment discrimination actions.

I

We begin with the language of the statute.   The General Assembly amended R.C. 4112.99 in 1987 to provide "a civil action for damages, injunctive relief, or any other appropriate relief."   142 Ohio Laws, Part I, 1778.   This court recognized the amendment's creation of an independent civil action to remedy all forms of discrimination prohibited by R.C. Chapter 4112 in *Elek v. Huntington Natl. Bank* (1991), 60 Ohio St.3d 135, 573 N.E.2d 1056.   While the parties agree R.C. 4112.99 affords discrimination plaintiffs the general right to a civil action, they debate whether the word "damages" is meant to include both compensatory and punitive damages.

"In construing a statute, a court's paramount concern is the legislative intent in enacting the statute." *State ex rel. Richard v. Bd. of Trustees of Police & Firemen's Disability & Pension Fund* (1994), 69 Ohio St.3d 409, 411, 632 N.E.2d 1292, 1295. To this end, we must first look to the statutory language and the " 'purpose to be accomplished.' " *Id.* In assessing the language employed by the General Assembly, the court must take words at their usual, normal, or customary meaning. *Id.* at 412, 632 N.E.2d at 1295. Most important, it is the court's duty to "give effect to the words used [and to refrain from] insert[ing] words not used." *Id.*

Black's Law Dictionary (6 Ed.1990) 389–393, defines approximately forty subtypes of "damages," compensatory and punitive being only two of the types listed. Black's broadly defines the word "damages," however, as "pecuniary compensation or indemnity, which may be recovered in the courts by any person who has suffered loss, detriment, or injury, whether to his person, property, or rights, through the unlawful act or omission or negligence of another." *Id.* at 389. Generally, "damages" are "an award made to a person by a competent judicial tribunal in a proceeding at law or in equity because of a legal wrong done to him by another." Restatement of the Law 2d, Torts (1979) 453, Section 902, Comment *a.* "Damages" flow from an "injury," which "denotes the invasion of any legally protected interest." *Id.*

Despite the comprehensive meaning of the word without a limiting context, CertainTeed contends "damages" is only susceptible of a narrow meaning that excludes any damages other than compensatory. In this same vein, CertainTeed reasons that because the law disfavors punitive damages, so must the Revised Code. And, that although the General Assembly chose to use the broad word "damages," specificity is the rule for punitives. We do not agree. "Damages," absent a restrictive modifier like "compensatory," "actual," "consequential" or "punitive," is an inclusive term embracing the panoply of legally recognized pecuniary relief. Thus, CertainTeed's contention that "damages" as used in the statute does not encompass punitive damages works only if we presume imprecision on the General Assembly's part. The notion that the General Assembly carefully and precisely used the word "damages" to segregate out compensatory damages seems entirely fanciful. See *O'Gilvie v. United States* (1996), 519 U.S. 79, 95, 117 S.Ct. 452, 460, 136 L.Ed.2d 454, 467 (Scalia, J., dissenting).

## II

Consideration of the totality of Ohio's anti-discrimination scheme only reinforces the plain meaning of the word "damages" as used in R.C. 4112.99. Even if the word were ambiguous, a "holistic approach" to statutory construction confirms that a seemingly indistinct provision "is often clarified by the remainder of

the statutory scheme." *United Sav. Assn. of Texas v. Timbers of Inwood Forest Assoc., Ltd.* (1988), 484 U.S. 365, 371, 108 S.Ct. 626, 630, 98 L.Ed.2d 740, 748. R.C. 4112.021(D) permits victims of credit discrimination pursuing a civil action in the court of common pleas to be awarded "punitive damages of not less than one hundred dollars[.]" While CertainTeed contends this express authorization of punitive damages buttresses its position that the word "damages" standing alone does not include punitives, we think that the imposition of a floor on punitive damages presupposes their general availability. Likewise, the ceiling on punitive damages contained in former R.C. 4112.051(D) manifested the General Assembly's intent that where it has armed discrimination victims with the weapon to enforce their rights by way of a civil action in the court of common pleas, punitive damages are generally available.[1]

Inasmuch as R.C. 4112.08 requires this court to construe liberally Ohio's anti-discrimination law "for the accomplishment of its purposes," it is neither beyond the General Assembly's intent nor otherwise unfair to interpret the statute as we do.[2] While this court has recognized R.C. 4112.99 as a remedial statute, see

---

1. Prior to 1992, R.C. 4112.051(D) provided for "punitive damages of not more than five thousand dollars." In 1992, the General Assembly amended R.C. 4112.051(D) to remove the $5,000 punitive-damage cap by deleting the phrase "of not more than five thousand dollars." 144 Ohio Laws, Part III, 4777. The statute now reads that if the court or jury in a civil action brought under R.C. 4112.051 finds a violation has occurred, the court "shall award * * * actual damages * * * and may grant other relief that it considers appropriate, including * * * punitive damages." R.C. 4112.051(D).

   CertainTeed contends this indicates the General Assembly's intent to permit recovery of punitive damages only where expressly authorized. In light of the statute's previous form, we do not agree. Rather, the amendment merely reflects the General Assembly's decision to forgo a limitation on the amount of punitive damages recoverable. We see no greater legal significance. To the contrary, Rice's argument that practical considerations most likely dictated the form of the amendment is persuasive. Because R.C. 4112.051(D) provides actual damages *shall* be awarded, if the General Assembly intended to continue providing for the recovery of punitive damages in appropriate cases without requiring their award in all cases, it either had to leave the term "punitive damages" where it was (which it did) or rewrite the entire section. Moreover, leaving the specific reference to "actual damages" without a corresponding reference to "punitive damages" would indicate that punitive damages are unavailable.

2. CertainTeed contends "the unanimous Court in [*Ohio Civ. Rights Comm. v. Lysyj* (1974), 38 Ohio St.2d 217, 67 O.O.2d 287, 313 N.E.2d 3] rejected a claim that punitive damages were available under [R.C.] 4112.05(G), and did so in the face of [R.C.] 4112.08's 'liberal construction' command." *Lysyj*, however, is inapplicable. Upon reviewing an award of compensatory and punitive damages by the Ohio Civil Rights Commission, this court stated, "the power to award damages to a person suffering loss as a result of the unlawful action of another has traditionally been limited to *judicial proceedings.* We are not willing to imply a grant of that power to an *administrative agency.*" (Emphasis added.) 38 Ohio St.2d at 222, 67 O.O.2d at 290, 313 N.E.2d at 7. The General Assembly eventually abrogated this court's decision by amending R.C. 4112.05(G) to expressly grant the Ohio Civil Rights Commission the power to award compensatory and punitive damages. Our recognition

*Cosgrove v. Williamsburg of Cincinnati Mgt. Co., Inc.* (1994), 70 Ohio St.3d 281, 638 N.E.2d 991, syllabus, that acknowledgment does not preclude us from confirming that the statute also possesses a deterrent component concerned with preventing socially noisome business practices. CertainTeed is mistaken in its claim that the availability of punitive damages will render the statute penal in nature and thus contradict our holding in *Cosgrove.* " '[A] law is not penal merely because it imposes an extraordinary liability on a wrongdoer in favor of a person wronged, which is not limited to damages suffered by him.' " *Id.* at 289, 638 N.E.2d at 997 (Resnick, J., concurring), quoting *Floyd v. DuBois Soap Co.* (1942), 139 Ohio St. 520, 523, 23 O.O. 20, 21, 41 N.E.2d 393, 395.

Because " 'most modern social welfare legislation * * * has a *dual purpose* of remedying harm to the individual and deterring socially inimical business practices[,]' " what is important in classifying a statute as remedial or penal is its primary purpose. (Emphasis *sic.*) *Cosgrove* at 288, 638 N.E.2d at 996 (Resnick, J., concurring), quoting *Porter v. Household Fin. Corp. of Columbus* (S.D.Ohio 1974), 385 F.Supp. 336, 342. Having a primary remedial purpose, however, does not constrain R.C. Chapter 4112's deterrent aim; the concepts are not mutually exclusive. We conclude that construing the word "damages" as including only those damages that are compensatory would be inconsistent not only with the definition of the word but also with the purpose and intent of R.C. 4112.99.

CertainTeed also claims that the existence of "various failed bills that have been introduced in the General Assembly, and which would have ostensibly recognized [punitive] damages," further supports its position. We are not influenced by this argument. A bill may fail for numerous unexpressed reasons that are unrelated to the merit or content of any one proposed provision. "Congress can not express its will by a *failure* to legislate. The act of refusing to enact a law * * * has utterly no legal effect, and thus has utterly no place in a serious discussion of the law. * * * Congress can no more express its will by not legislating than an individual Member can express his will by not voting." (Emphasis *sic.*) *United States v. Estate of Romani* (1998), 523 U.S. 517, —— – ——, 118 S.Ct. 1478, 1488–1489, 140 L.Ed.2d 710, 726 (Scalia, J., concurring in part and concurring in the judgment).

CertainTeed cautions, however, that the availability of punitive damages will subject disparate-impact defendants to exemplary liability for innocuous acts, and in the process offend our notion that the interpretation of statutes must not lead to absurd results. But CertainTeed's "concern about punitive damages being awarded for [benign behavior] ignores the existence of the behavior that punitive

in *Lysyj,* however, that awarding compensatory and punitive damages is an inherent power of the courts, serves only to reinforce our decision in the instant case.

damages are meant to deter, and [incorrectly assumes] that mere indifference can support a punitive damages award." *Moreno v. Consolidated Rail Corp.* (C.A.6, 1996), 99 F.3d 782, 795 (Daughtrey, J., concurring in part and dissenting in part). In Ohio, punitive damages are awarded only upon a finding of actual malice. *Moskovitz v. Mt. Sinai Med. Ctr.* (1994), 69 Ohio St.3d 638, 652, 635 N.E.2d 331, 343. True disparate-impact defendants, therefore, as a matter of law, will not be subject to exemplary liability.

## III

Because "damages" as employed in R.C. 4122.99 cannot be said to preclude the award of punitive damages, we advise the federal court that punitive damages may be awarded upon evidence of actual malice in civil actions brought pursuant to the statute.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.
LUNDBERG STRATTON, J., concurs separately.

---

**LUNDBERG STRATTON, J., concurring.** I concur in the syllabus and judgment only.