This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, the University of Akron ("the University") appeals a decision of the Cuyahoga Falls Municipal Court dismissing the University's complaint against the appellee, Gary Sellers. This Court affirms.
At the time the events surrounding this action occurred, Sellers was a professor in the College of Arts and Sciences at the University. In the Spring of 1998, Sellers applied for and received a faculty improvement leave. During his leave, Sellers participated in three seminars on behalf of the University. For his participation, Sellers received a total of $4,230.00 from the University. This was in addition to his regular salary.
When the University discovered that Sellers had been paid this additional $4,230.00, it requested that Sellers return the money. The University maintained that, according to R.C. 3345.28, Sellers was barred from receiving any money other than his regular salary while he was on the faculty improvement leave. Sellers refused to return the $4,230.00.
The University filed a complaint against Sellers in the Cuyahoga Falls Municipal Court seeking the $4,230.00. The matter came before a magistrate. The magistrate found that R.C. 3345.28 did not prohibit Sellers from receiving the additional money for the seminars and recommended that the University's complaint be dismissed. The University filed a timely objection to the magistrate's decision. On May 31, 2001, the trial court adopted the magistrate's decision and dismissed the University's complaint.
 ASSIGNMENT OF ERROR THE TRIAL COURT ERRED AS A MATTER OF LAW IN HOLDING THAT APPELLEE WAS ENTITLED TO RECEIVE COMPENSATION IN ADDITION TO HIS REGULAR SALARY WHILE ON A FACULTY IMPROVEMENT LEAVE GIVEN THE CONSTRAINTS OF SECTION 3345.28 OF THE REVISED CODE.
The University has argued that Sellers was not entitled to receive compensation for the seminars he took part in while on a faculty improvement leave. This Court disagrees.
The establishment and administration of faculty improvement programs is governed by R.C. 3345.28 which provides, in relevant part:
 The board of trustees of any state university, * * * may establish and administer a faculty improvement program, under which any full-time faculty member with at least seven academic years of teaching service at the * * * university * * * may be granted professional leave for a period not to exceed one academic year to engage in further education, research, or any other purpose approved by the board. * * *
 No such board or authority shall pay any faculty member for or during a period of professional leave any salary exceeding the amount that would have been paid to such faculty member for performing his regular duties during the period of the leave. No faculty member shall * * * suffer a reduction or termination of * * * any other benefit or privilege he receives as a faculty member at the * * * university * * * where he is employed.
The Supreme Court of Ohio set forth the process for judicial review of a statute in Rice v. CertainTeed Corp. (1999), 84 Ohio St.3d 417, 419:
 "In construing a statute, a court's paramount concern is the legislative intent in enacting the statute." To this end, we must first look to the statutory language and the "`purpose to be accomplished.'" In assessing the language employed by the General Assembly, the court must take words at their usual, normal, or customary meaning. Most important, it is the court's duty to "give effect to the words used [and to refrain from] insert[ing] words not used."
(Citations omitted.)
In its decision, the trial court focused on the term "salary" as used in R.C. 3345.28. Salary is defined as "[a]n agreed compensation for services * * * usually paid at regular intervals on a yearly basis, as distinguished from an hourly basis." Black's Law Dictionary (7 Ed. 1999) 1337. A review of the record reveals that, with the exception of a standard salary increase approved by the Department of Economics, Sellers' salary did not change during the period he was on the faculty improvement leave. The payment Sellers received for each of the seminars was designated as something other than salary on the University's Personnel Action Forms. Therefore, it is clear that the University did not view these payments as part of Sellers' salary at the time they were given to Sellers.
A court must construe statutes to avoid unreasonable or absurd results. State ex rel. Cincinnati Post v. Cincinnati (1996),76 Ohio St.3d 540, 543. R.C. 3345.28 states: "No faculty member shall * * * suffer a reduction or termination of * * * any other benefit or privilege he receives as a faculty member at the * * * university * * * where he is employed." Sellers had participated in seminars for extra compensation for twenty consecutive years as an employee of the University. It is logical to presume that had Sellers not taken a leave, he would have participated in these same seminars and that he would have received additional compensation for doing so. To hold that, although Sellers was entitled to receive his normal rate of pay while on a faculty improvement leave, he was not entitled to receive payment for the seminars he participated in during such leave, would reach an unreasonable result.
The University's sole assignment of error is overruled.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Cuyahoga Falls Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
BATCHELDER, P.J., BAIRD, J. CONCUR.