OPINION
{¶ 1} Appellants, the birth parents of a six-year-old girl, C.M.W., appeal the decision of the Madison County Court of Common Pleas, Probate Division, finding that their consent was not necessary in the adoption of their daughter.
 {¶ 2} When she was one year old, C.M.W. was placed in the foster care of appellees-petitioners by the Champaign County Children's Service Department. After residing with appellees for about one year, C.M.W. was returned to her birth parents. On July 29, 2002, the Champaign County Juvenile Court granted legal custody of C.M.W. to appellees and visitation rights to the birth parents. C.M.W. has been living with appellees since then. On February 27, 2004, appellees filed a petition in the trial court to adopt C.M.W. Following a hearing, the trial court found that the birth parents' consent to the adoption was not required under R.C. 3107.07(A) because they had failed to communicate with their daughter without justifiable cause for one year prior to the filing of the petition. The trial court also found it was in C.M.W.'s best interest to grant the adoption petition. A final decree of adoption was filed on August 12, 2004.
 {¶ 3} In their first assignment of error, the birth parents argue that the trial court's finding they failed without justifiable cause to communicate with C.M.W. for one year prior to the petition is against the manifest weight of the evidence. The birth parents concede they did not communicate or have contact with C.M.W. for the year preceding the petition, but argue appellees prevented them from communicating or having contact with C.M.W.
 {¶ 4} Under R.C. 3107.07(A), a minor child can be adopted without the consent of his or her parent if that parent "has failed without justifiable cause to communicate with that child for a period of at least one year immediately preceding the filing of the adoption petition." In re Adoption of Holcomb
(1985), 18 Ohio St.3d 361, paragraph one of the syllabus. "[S]ignificant interference by a custodial parent with communication between the non-custodial parent and the child, orsignificant discouragement of such communication is required to establish justifiable cause for the non-custodial parent's failure to communicate with the child." Id. at 367-368 (emphasis sic).
 {¶ 5} The birth parents last saw and talked to C.M.W. on February 3, 2003 for the birth of a sibling. The record shows that between that day and February 2004 when the adoption petition was filed, the birth parents never sent cards or gifts to C.M.W., including for her birthday or Christmas, did not take part in C.M.W.'s medical treatment (the child has cancer and a bone disease), and were not involved in C.M.W.'s education. The birth mother testified she went to appellees' home five times but that no one was home on those occasions. The birth mother did not state whether she called appellees' home before going there. The record shows that whenever the birth mother would call appellees to talk to C.M.W. but could not talk to her because the child was asleep, with someone, or out of the house, the birth mother never called back.
 {¶ 6} The record also shows that the birth mother called appellees in July 2003 to have visitation with C.M.W. for the child's birthday. Appellees told the birth mother C.M.W. would be out of town at that time but that the birth mother could call back several days later when C.M.W. would be back in town. The birth mother never called back. Likewise, the birth mother called appellees shortly before Christmas 2003 to have visitation with C.M.W. at her home. Appellees told the birth mother that because C.M.W. had just begun a new medication, appellees were instructed by the physician to closely monitor the effects of the medication. As a result, appellees offered to have visitation at their house rather than at the birth mother's house. Appellees never heard back from the birth parents regarding visitation.
 {¶ 7} The trial court found that the birth parents' failure to communicate with C.M.W. or pursue visitation was the result of their own lack of motivation. After thoroughly reviewing the record, we find that ample evidence supports the trial court's finding and conclude there was no justifiable cause for the birth parents' failure to communicate. Certainly, the record does not show that appellees significantly interfered with or significantly discouraged the birth parents from communicating with or contacting C.M.W. The trial court, therefore, properly found that their consent to the adoption was not required under R.C. 3107.07(A).[1]
 {¶ 8} In their second assignment of error, the birth parents argue that upon finding their consent was not required, the trial court erred by not conducting a separate hearing to determine whether the adoption was in the best interest of C.M.W. There is no provision in the statutory language requiring a separate hearing to determine the best interest of the child. See In reAdoption of Taylor (Mar. 22, 1993), Brown App. No. CA92-07-013;In re Adoption of Murphy (Nov. 22, 1996), Licking App. No. 96 CA 5. However, due process of law affords the right to adequate notice and an opportunity to be heard before any parental rights are terminated. See In re Adoption of Greer, 70 Ohio St.3d 293,1994-Ohio-69. We therefore hold that as long as the notice of the hearing on an adoption petition clearly notifies the parties that the hearing will address both the issues of consent and the best interest of the child, thereby clearly giving the parties the opportunity to fully and fairly litigate both issues at the hearing, there need not be a separate hearing on the best interest of the child.
 {¶ 9} In the case at bar, the notice of the hearing on the adoption petition did not notify the parties that both issues would be addressed at the hearing. The notice simply stated that the trial court would conduct a full hearing. In addition, there was little testimony presented at the hearing before the trial court regarding whether the adoption would be in C.M.W.'s best interest. As a result, we find that the birth parents are entitled to a best interest hearing. The birth parents' second assignment of error is sustained.
 {¶ 10} The judgment of the trial court is accordingly affirmed in part, reversed in part, and remanded to the trial court for further proceedings according to law and consistent with this opinion.
Walsh and Valen, JJ., concur.
[1] Alternatively, appellees argue that the birth parents' consent to the adoption was not required because they did not file objections to the adoption petition within 14 days after notice of the petition was given, as required by R.C. 3107.07(K). We decline to uphold the trial court's finding that the birth parents' consent was not required on this technical ground, especially since the notice they received did not inform them that if they objected to the adoption they had to file objections to the petition within 14 days, and that if they did not object, the adoption would proceed without their consent. See In reAdoption of Baby F., Franklin App. Nos. 03AP-1092 and 03AP-1132, 2004-Ohio-1871.