IN RE ADOPTION OF WALTERS.

[Cite as *In re Adoption of Walters,* 112 Ohio St.3d 315, 2007-Ohio-7.]

(Nos. 2006–0613 and 2006–0614—Submitted September 19, 2006—Decided January 17, 2007.)

O'CONNOR, J.

{¶ 1} Today this court is called upon to determine whether the required notice of a hearing on an adoption proceeding under R.C. 3107.11 must include specific reference to both the consent and best-interests portions of that hearing to be sufficient under the Due Process Clause of the Ohio and United States Constitutions. We hold that neither the statute nor a biological parent's fundamental interest in the custody and care of his or her child requires notice of the two separate purposes of the adoption hearing in order for the adoption to be valid, and for that reason, we affirm the judgment of the court of appeals.

## BACKGROUND

{¶ 2} In 1999, following the 1997 divorce of appellee, Atheena Walters, and appellant William Wright, Atheena moved to Ohio with their two minor children. Wright remained in Alabama and neither supported nor maintained contact with the children. In 2001, Atheena married appellant Robert Walters. Shortly after the marriage, Robert filed separate petitions to adopt the children, and because Atheena could not locate Wright, he was notified of the adoption petitions via publication in Lancaster, Ohio. The publications specifically identified the date and time of the joint hearing on the petitions for adoption and further alleged that Wright's consent was unnecessary because he had failed to communicate with or support the children for one year.[1] See R.C. 3107.03(A). The notice did not specifically declare that a best-interests hearing would be held. Wright did not appear at the hearing.

{¶ 3} The trial court found that the law had been complied with and entered an interlocutory order of adoption in October 2001. The final order followed in

---

1. The published notice in each case read: "You are hereby notified that on 7/16/01 Petitioner(s) Robert Lee Walters, filed in this Court a Petition to Adopt [the Wright children]. * * * A hearing on said Petition will be held before Judge Steven O. Williams at the Fairfield County Probate Court, Hall of Justice, Third Floor, 224 East Main Street, Lancaster, Ohio 43130, on 10/22/01 at 9:30 AM. It is alleged in the Petition, pursuant to R.C. 3107.07, that the consent of William David Wright is not required because: That person is a parent who has failed without justifiable cause to communicate with the minor for a period of at least one year immediately preceding the filing of the adoption petition or the placement of the minor in the home of the petitioner. That person is a parent who has failed without justifiable cause to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding the filing of the adoption petition or the placement of the minor in the home of the petitioner."

January 2002 after the court held that an entry finding that consent of the biological father was not necessary. On December 18, 2005, however, pursuant to a divorce petition, Robert filed a motion to vacate the adoptions, claiming that the publication notice served on the biological father, Wright, was defective because Atheena had falsely claimed during the time of the filing of the adoption petition that Wright's whereabouts were unknown. Robert located Wright in Alabama, and Wright eventually joined in the motion to set aside the adoptions based upon the allegedly defective notification to Wright.

{¶ 4} The trial court refused to set aside the adoptions, finding that Atheena had exercised reasonable diligence in attempting to locate Wright in order to serve him with notice and that the notice required by R.C. 3107.11(A) need not include express provisions concerning both the consent and best-interests portions of the adoption hearing. The Fifth District affirmed, but certified its decision as in conflict with *In re Adoption of Kuhlmann* (1994), 99 Ohio App.3d 44, 649 N.E.2d 1279; *In re Adoption of Fenimore* (Jan. 28, 2000), 2d Dist. No. 17902, 2000 WL 204389; *In re Adoption of Jorgensen* (1986), 33 Ohio App.3d 207, 515 N.E.2d 622; *In re Adoption of Jordan* (1991), 72 Ohio App.3d 638, 595 N.E.2d 963; and *In re C.M.W.*, 12th Dist. No. CA2004–09–031, 2004-Ohio-6935, 2004 WL 2937632. This court accepted jurisdiction over the notice issue and certified the following conflict: "Whether R.C. 3107.11 requires the parties listed in the statute to be given notice of both the consent hearing and the best interest hearing." [2]

## TEXTUAL ANALYSIS OF R.C. 3107.11

{¶ 5} R.C. 3107.11 states that "the court shall fix a time and place for hearing the [adoption] petition" and that notice of the hearing must be given both to any person whose consent to the adoption is necessary and to any person whose consent is not necessary under R.C. 3107.07(A) and certain other provisions. R.C. 3107.07(A) renders unnecessary the consent of a biological parent "when it is alleged in the adoption petition and the court finds after proper service of notice and hearing, that the parent has failed without justifiable cause to communicate with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor

---

2. Although the parties also included argument in their briefs as to whether Atheena truly exercised diligence in locating Wright, her ex-husband, in order to notify him of the adoption proceeding, we declined jurisdiction over that issue and refrain from addressing it in this case. The trial court found that Wright, the biological father, had failed to communicate and provide support to the minor children for at least one year preceding the filing of the adoption petition and that Atheena exercised reasonable diligence in attempting to locate Wright before serving notice via publication. See *In re Adoption of Knipper* (1986), 30 Ohio App.3d 214, 30 OBR 371, 507 N.E.2d 436.

in the home of the petitioner." Before granting an adoption, the trial court must hear evidence as to whether first, "the required consents have been obtained or excused" and second, whether "the adoption is in the best interest of the person sought to be adopted." R.C. 3107.14(C). See, also, *In re Adoption of Fenimore*, 2d Dist. No. 17902, 2000 WL 204389, *1.

{¶ 6} The trial court determined that all the necessary consents had been entered or excused and that the adoption of the minor children was in their best interests. The only question remaining, then, is whether the published notice that specifically referred only to the consent portion of the adoption hearing was sufficient under R.C. 3107.11 and due process concerns to notify Wright of both portions of the adoption hearing.

{¶ 7} In considering this argument, we must first consider the actual text of R.C. 3107.11(A):

{¶ 8} "After the filing of a petition to adopt an adult or a minor, the court shall fix a time and place for hearing the petition. The hearing may take place at any time more than thirty days after the date on which the minor is placed in the home of the petitioner. At least twenty days before the date of hearing, notice of the filing of the petition and of the time and place of hearing shall be given by the court * * *."

{¶ 9} When construing a statute, this court must determine the intent of the legislature by looking to the language of the statute. *Rice v. CertainTeed Corp.* (1999), 84 Ohio St.3d 417, 419, 704 N.E.2d 1217. We must also afford words their usual, normal, and customary meaning and " 'give effect to the words used [while refraining from] insert[ing] words not used.' " Id., quoting *State ex rel. Richard v. Bd. of Trustees of Police & Firemen's Disability & Pension Fund* (1994), 69 Ohio St.3d 409, 412, 632 N.E.2d 1292.

{¶ 10} The language of R.C. 3107.11(A) does not require the notice of a hearing on an adoption petition to include language that both the consent and best-interests requirements will be addressed at the hearing. Instead, it merely requires "notice of the filing of the [adoption] petition and of the time and place of hearing" on that petition. R.C. 3107.11(A). In fact, there is nothing in any of the relevant statutes suggesting that the notice must include the best-interests portions of the hearing on the adoption petition. We thus refrain from adding language to the statute and thereby requiring more than the legislature intended.

## CERTIFIED-CONFLICT CASES

{¶ 11} Appellants ignore the plain language of the statute and instead cite the five certified-conflict cases to support their proposition that the notice is defective unless both the consent and best-interests portions of the hearing are included. A close review of those cases, however, reveals that the supporting language in

most is either irrelevant to the issue before us based on distinguishable facts or is dicta.

{¶ 12} First, *In re Adoption of Jordan*, 72 Ohio App.3d at 645, 595 N.E.2d 963, specifically addressed whether a trial court abused its discretion by failing to take evidence as to the best interests of the children involved. The court held that notice of that *additional* determination on the best interests must be made even when a parent's consent is unnecessary under R.C. 3107.07(A). In other words, the appellate court ordered the trial court to hold a second hearing on the adoption petition because it had never addressed a statutory requirement under R.C. 3107.14(C). Logically, R.C. 3107.11(A) requires notice of that additional hearing. The plain language of R.C. 3107.11(A) does not distinguish between different hearings. It simply requires notice of any hearing on the adoption petition.

{¶ 13} Similarly, in *In re Fenimore*, 2d Dist. No. 17902, 2000 WL 204389, the biological parent whose consent was unnecessary failed to receive any notice of a second hearing on the adoption petition. The court properly recognized that R.C. 3107.11(A) requires notice of all hearings on the adoption hearing.

{¶ 14} By contrast, *In re Kuhlmann*, 99 Ohio App.3d 44, 649 N.E.2d 1279, is entirely distinguishable on the facts, but echoes the rationale of *Jordan* and *Fenimore*. In *Kuhlmann*, the trial court found that the biological mother's ignorance of the law requiring her to provide support for her minor children justified her failure to pay child support. The appellate court held this finding to be against the manifest weight of the evidence. The court noted in dicta that the finding that the biological mother need not consent did not end the proceedings below. "Even if the probate court makes a determination that a parent's consent is not required, the court must still go on to make a determination that adoption is in the best interest of the child. * * * A parent whose consent to the adoption has been determined not to be required still must be given notice of this best-interest hearing." Id. at 51, 649 N.E.2d 1279. Again, the court recognized that R.C. 3107.11(A) requires service of notice of all hearings on the petition for adoption on a parent whose consent is unnecessary. It did not require the notice to specifically state that the child's best interests would be discussed at the new hearing.

{¶ 15} Even *In re Adoption of Jorgensen*, 33 Ohio App.3d 207, 515 N.E.2d 622, is not applicable to the issue here. In *Jorgensen*, the trial court held two separate hearings, the first on the consent issue and the second on the best interests of the child. The biological father received notice of both hearings, but notice of the best-interests hearing specifically stated that " 'neither the natural father nor his counsel will be permitted to appear and participate in said final hearing.' " Id. at 208, 515 N.E.2d 622. The court, therefore, was faced only with

the issue of whether the biological father had a right to attend and participate in the best-interests portion of the final hearing. The court held that "consistent with the requirement of R.C. 3107.11 that notice of the time and place of the best-interest hearing shall be given to a person whose consent is dispensed with," a biological parent may attend and present evidence at the best-interests hearing. Id. at 209–210, 515 N.E.2d 622. "It is not difficult to imagine a scenario where a natural parent, even though he or she could not bar the adoption by withholding consent, could offer evidence of probative value that the adoption proposed would not be in his or her child's best interest." Id. *Jorgensen* simply does not support the proposition that the original notice to a biological parent whose consent is alleged to be unnecessary must include express language encompassing both the consent and best-interests portions of the adoption-petition proceeding.

{¶ 16} Only the final case, *In re C.M.W.*, provides some direct support for the proposition of law urged by appellants. The appellate court in that case stated, "[A]s long as the notice of the hearing on an adoption petition clearly notifies the parties that the hearing will address both the issues of consent and the best interest of the child, thereby clearly giving parties the opportunity to fully and fairly litigate both issues at the hearing, there need not be a separate hearing on the best interest of the child." Id. at ¶ 8. Because the notice in that case did not clearly announce that both the consent and best-interests portions of the hearing would be held, however, the appellate court ordered a new hearing on only the best-interests issue and required service of notice of that hearing on the biological parent. *C.M.W.* is inconsistent with our holding today.

{¶ 17} Four of the conflict cases merely recognize that a court must actually take evidence as to both issues and notify a parent whose consent is unnecessary under R.C. 3107.07(A) of *any* hearing held on the adoption petition, regardless of its purpose. See R.C. 3107.11(A). In other words, when, at the discretion of the court, separate hearings take place to address the consent requirement and the best-interests requirement of R.C. 3107.14(C), notice of each shall be given to the biological parent. To the extent that the fifth case, *C.M.W.*, contradicts this holding, we overrule it.

## DUE PROCESS CLAIMS

{¶ 18} Wright also claims that we should construe the statute in favor of more explicit notice by including notification of both portions of the adoption proceeding based upon his fundamental liberty interest in the custody and care of his children. This court has called the right to raise a child an "essential" and "basic" civil right, *In re Hayes* (1997), 79 Ohio St.3d 46, 48, 679 N.E.2d 680, and the United States Supreme Court has further established that the right of a parent to the custody of his or her child is a fundamental liberty interest. *Troxel*

*v. Granville* (2000), 530 U.S. 57, 65–66, 120 S.Ct. 2054, 147 L.Ed.2d 49. See, also, *In re Murray* (1990), 52 Ohio St.3d 155, 157, 556 N.E.2d 1169.

{¶ 19} Even a parent who fails to accept the responsibilities of parenthood, for example by failing to support or communicate with his children for a year preceding an adoption petition, is entitled to notice of the adoption. R.C. 3107.11(A)(2). See, also, *Armstrong v. Manzo* (1965), 380 U.S. 545, 550, 85 S.Ct. 1187, 14 L.Ed.2d 62; *In re Adoption of Greer* (1994), 70 Ohio St.3d 293, 298, 638 N.E.2d 999. In cases in which a party proves by clear and convincing evidence at the adoption hearing that the parent's consent is unnecessary by statute, the due process rights of the parent have been protected once that parent has been given notice of the hearing. *Manzo*, 380 U.S. at 550, 85 S.Ct. 1187, 14 L.Ed.2d 62. Because the parent has received notice that the court will be taking evidence as to whether that parent's parental rights should be terminated, there is no need for any additional requirement that the court give notice that it will consider both consent and the best interests of the child at the hearing. Id.

{¶ 20} The language of the statute does not require that notice of an adoption include explicit language as to both phases of the proceeding. The parties here have not presented a sufficient reason to require that the notice include any information in addition to that provided in this case. The notice need not expressly include any direction that the hearing will encompass a determination of the best interest of the child. It need only notify a biological parent of the time and place of any hearing on a petition for adoption of his or her natural child.

## How Many Hearings Must Be Held

{¶ 21} This court must also address a tangential issue that was raised during oral argument: whether a court must hold separate hearings for the consent and best-interests portions of the adoption petition. After considering the plain language of the statutes, we can find nothing to suggest that the legislature intended to require two hearings on each adoption petition. In fact, R.C. 3107.11(A) discusses notification requirements for "the hearing" on the adoption petition, and R.C. 3107.14(C) discusses factual findings a court must make at "the hearing," implying that only one hearing is necessary. Again, in interpreting the intent of the legislature as to statutory language, we must accord that language its "usual, normal, or customary meaning," without adding any additional language. *CertainTeed Corp.*, 84 Ohio St.3d at 419, 704 N.E.2d 1217. There is nothing in the statute that either requires or prevents a separate hearing for the consent and best-interests portions of an adoption proceeding. Accordingly, although a court may choose to hold separate hearings on consent and the best interests of the child, there is no requirement to do so. One hearing to address

both requirements is sufficient, provided notice of the adoption hearing pursuant to R.C. 3107.11(A) is afforded the biological parent.

## Conclusion

{¶ 22} We hold that the original notice of the filing of an adoption petition need not include any language specifying the dual issues that are to be presented at the hearing and that the court need not hold a separate hearing as to the best interests of the child. If the court opts to hold more than one hearing on an adoption petition, however, R.C. 3107.11(A) requires service of notification of the date and time of all hearings on a biological parent whose consent is unnecessary under R.C. 3107.07(A). Accordingly, we hold that the notice given to Wright in this case was sufficient to satisfy R.C. 3107.11(A), and we affirm the judgment of the court of appeals, refusing to overturn the adoption.

Judgment affirmed.

Moyer, C.J., Travis, Pfeifer, Lundberg Stratton, O'Donnell and Lanzinger, JJ., concur.

Alan C. Travis, J., of the Tenth Appellate District, was assigned to sit for Resnick, J., whose term ended on January 1, 2007.

Cupp, J., whose term began on January 2, 2007, did not participate in the consideration or decision of this case.

_____

Dagger, Johnston, Miller, Ogilvie & Hampson, L.L.P., and Randy L. Happeney, for appellant Robert L. Walters.

Steve Zigan, for appellant William Wright.

L. Jackson Henniger & Associates and L. Jackson Henniger, for appellee.