[Cite as *State ex rel. Pringle v. Clermont Cty. Bd. of Elections*, 2019-Ohio-4528.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

| | | |
|---|---|---|
| STATE OF OHIO ex rel. KEVIN L. PRINGLE, | : | |
| | : | CASE NO. CA2019-10-078 |
| Relator, | : | O P I N I O N |
| | | 11/4/2019 |
| - vs - | : | |
| | : | |
| CLERMONT COUNTY BOARD OF ELECTIONS, et al., | : | |
| Respondents. | : | |

ORIGINAL ACTION IN MANDAMUS

Schroeder, Maundrell, Barbiere & Powers, Christopher L. Moore and Jonathan T. Deters, 5300 Socialville-Foster Road, Suite 200, Mason, Ohio 45040, for relator

D. Vincent Faris, Clermont County Prosecuting Attorney, Mary Lynne Birck, 101 E. Main Street, Batavia, Ohio 45103, for respondents

**HENDRICKSON, P.J.**

{¶ 1} This matter is before the court on a complaint filed by relator, Kevin Pringle, on October 9, 2019, seeking a writ of mandamus ordering respondents, the Clermont County Board of Elections and its individual members, to remove an issue from the November 5 general election ballot in which voters of the village of Newtonsville are to decide whether the village surrenders its corporate powers.[1]

---

1. In addition to the complaint, the file consists of the respondents' answer, the parties' joint submission of the facts, and their briefs.

{¶ 2}   Beginning July 1, petitions to surrender Newtonsville's corporate powers were circulated among residents and filed with respondents who voted on July 24 to place the matter on the November 5 general election ballot.  Relator filed a protest with respondents on August 23, 2019, claiming the petitions must first be submitted to the village council for 30 days pursuant to R.C. 703.20(B)(1), and that respondents' July 24 vote violated this 30-day requirement.  Respondents conducted a hearing on relator's protest on September 25, after which they voted in open session to deny the protest.  Absentee voting began on October 9, with relator filing his complaint for mandamus the following day.

{¶ 3}   This case involves the interpretation of R.C. 703.20 and whether the statute requires petitions to surrender corporate powers to be first submitted to the village legislative authority for consideration before they can be filed with and acted on by the board of elections.

{¶ 4}   R.C. 703.20(A) provides that:

> Villages may surrender their corporate powers upon the petition to the legislative authority of the village, *or, in the alternative,* to the board of elections of the county in which the largest portion of the population of the village resides as provided in division (B)(1) of this section, of at least thirty per cent of the electors thereof, to be determined by the number voting at the last regular municipal election and by an affirmative vote of a majority of the electors at a special election, which shall be provided for by the legislative authority or, in the alternative, at a general or special election as provided for by the board of elections under division (B)(1) of this section. (Emphasis added.)

R.C. 703.20(B)(1) further provides that:

> If the legislative authority of a village fails to act upon the petition within thirty days after receipt of the petition, the electors may present the petition to the board of elections to determine the validity and sufficiency of the signatures. The petition shall be governed by the rules of section 3501.38 of the Revised Code. The petition shall be filed with the board of elections of the county in which the largest portion of the population of the village resides.  If the petition is sufficient, the board of elections shall submit the question "Shall the village of * * * * surrender its

corporate powers?" for the approval or rejection of the electors of the village at the next general or special election, in any year, occurring after the period ending ninety days after the filing of the petition with the board.

{¶ 5} There is no case law on whether R.C. 703.20, as amended in 2017, requires petitions to surrender corporate powers to be first filed with the village legislative authority for a minimum of 30 days before they then be filed with a board of elections. Any cases cited to this court only address the pre-2017 version of R.C. 703.20 which provided for submission of surrender petitions only to the legislative authority.

{¶ 6} The inclusion of the phrase "or, in the alternative," in R.C. 703.02(A) allows for petitions to be filed with either the legislative authority or the board of elections. The 30-day limit in R.C. 703.02(B)(1) only applies if petitions are first filed with the legislative authority. Even under the prior version of R.C. 703.20, the decision to dissolve a municipality is not a legislative decision. *State ex rel. Todd v. Felger*, 7th Dist., Columbiana No. 06 CO 38, 2007-Ohio-731. Rather, a petition under RC 703.20 asks the voters to decide if they want to continue together as a distinct political unit. *Id.* Inasmuch as the voters, not the village council, are tasked with deciding a municipality's continued existence, voters should also have the option of choosing the process for placing the issue before their fellow electors, and we see no valid reason why petitions to surrender must first be filed with the legislative authority.

{¶ 7} Respondents did not violate R.C. 703.20 by failing to wait 30 days upon receipt of the petitions before acting to place the issue on the ballot. Accordingly, relator is not entitled to a writ of mandamus ordering respondents to remove the issue from the November 5 ballot. Having determined that R.C. 703.20 permits the filing of the petitions with respondents, we decline to rule on respondents' argument that the matter is rendered moot because the complaint was filed after absentee balloting had begun.

{¶ 8}   Writ denied.


S. POWELL, J. concurs.

M. POWELL, J., dissents.


**M. POWELL, J., dissenting.**

{¶ 9}   R.C. 703.20(A) reads awkwardly due to the clauses specifying the board of elections to which the petition may be presented (i.e., the board of elections of the county in which the largest portion of the population of the village resides) and the signature requirement for the petition (i.e., at least thirty percent of the electors voting at the last regular municipal election).  Absent this language, the statute is more readily understood:

> Villages may surrender their corporate powers upon the petition to the legislative authority of the village, or, in the alternative, to the board of elections * * * as provided in division (B)(1) of this section, * * * and by an affirmative vote of a majority of the electors at a special election, which shall be provided for by the legislative authority or, in the alternative, at a general or special election as provided for by the board of elections under division (B)(1) of this section.

{¶ 10} Pursuant to the statute, the proper filing of a sufficient petition to surrender corporate powers with the legislative authority of the village or the board of elections will result in an election on the question.

{¶ 11}  However, R.C. 703.20(A) also provides that presentation of the petition, "in the alternative," to a board of elections is "as provided in division (B)(1) of this section."  The statute is clear in permitting no other presentation of the petition to a board of elections other than as "provided in division (B)(1)."  This restrictive statutory language must be given effect. "When interpreting a statute, a court must look to the language of the statute, giving effect to the words used and not deleting or inserting any words."  *Rice v. CertainTeed Corp.*, 84 Ohio St.3d 417, 419 (1999).  "We must give effect to all the provisions * * *."  *State v. Chandler*,

109 Ohio St.3d 223, 2006-Ohio-2285, ¶ 8.

{¶ 12} R.C. 703.20(B)(1) permits presentation of the petition to a board of elections only when "the legislative authority of the village fails to act upon the petition within thirty days after receipt of the petition." Thus, as a prerequisite to presentation of the petition to a board of elections, the petition must first be presented to the village legislative authority and ignored for 30 days. Because the petition in the instant case was never presented to the legislative authority of the village of Newtonsville, the board of elections was without jurisdiction to consider the matter and order the issue placed on the ballot.

{¶ 13} I would allow the writ of mandamus, enjoining the board of elections from tabulating the votes on the issue and ordering the votes on the issue sequestered pending any further appeal.