[Cite as *Turnmire v. Ostrowski*, 2013-Ohio-5154.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| JOHN TURNMIRE | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| AMELIA OSTROWSKI, AKA | : | Case Nos.  2013CA00042 |
| AMELIA DIGIANTONIA | : | 2013CA00099 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:        Appeal from the Court of Common
                                Pleas, Family Court Division, Case
                                No. 2011JCV01658

JUDGMENT:                       Reversed and Remanded

DATE OF JUDGMENT:               November 18, 2013

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

ARNOLD F. GLANTZ                          CRAIG T. CONLEY
4883 Dressler Road, NW                    604 Huntington Plaza
Canton, OH  44718                         220 Market Avenue, South
                                          Canton, OH  44702

*Farmer, P.J.*

{¶1}    Appellant, Amelia Ostrowski aka Amelia Digiantonia, and appellee, John Turnmire, had a child together on September 23, 2003.  On December 13, 2011, appellee filed a complaint for visitation.  On June 11, 2012, appellant filed an amended answer setting forth affirmative defenses including insufficiency of process and lack of personal jurisdiction.  On November 16, 2012, appellant was personally served the complaint, but allegedly not the summons.

{¶2}    By judgment entry filed February 1, 2013, the trial court found visitation with appellee was not in the child's best interest "at this time," and ordered appellant to arrange for the child to undergo a psychological evaluation and follow all relative recommendations relative to the child's care.

{¶3}    On March 4, 2013, appellant filed a motion to vacate the February 1, 2013 judgment entry for lack of personal jurisdiction and motion to dismiss the complaint for insufficient process.  By judgment entry filed May 3, 2013, the trial court denied the motions.

{¶4}    Appellant filed two appeals and this matter is now before this court for consideration.  Assignments of error are identical in both cases and are as follows:

I

{¶5}    "THE TRIAL COURT ERRED IN EXERCISING PERSONAL JURISDICTION OVER DEFENDANT/APPELLANT."

II

{¶6}    "THE TRIAL COURT ERRED IN DENYING DEFENDANT'S/APPELLANT'S MOTION TO VACATE AND MOTION TO DISMISS."

I, II

{¶7}  Appellant claims the trial court erred in exercising personal jurisdiction over her and in denying her motion to vacate and motion to dismiss.

{¶8}  Appellant's motions to vacate/dismiss centered upon whether the process server served her with a summons as required by Civ.R. 4(A): "Upon the filing of the complaint the clerk shall forthwith issue a summons for service upon each defendant listed in the caption.  Upon request of the plaintiff separate or additional summons shall issue at any time against any defendant."  Civ.R. 4(E) states the following:

If a service of the summons and complaint is not made upon a defendant within six months after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.***

{¶9}  In her affidavit filed March 4, 2013, appellant averred "[t]he Praecipe listing of papers to be served upon me did not include Summons and no Summons was in the subject envelope; and I have not otherwise ever been served Summons attendant to Plaintiff's Complaint."

{¶10} In response, Jeffrey Smith, the appointed process server in the case, averred in his affidavit filed April 29, 2013 the following:

On or about November 16, 2012, all documents were personally served, by me upon the Defendant Amelia Digiantonia which included the summons, complaint of visitation, affidavit working for kids working seminar notice, working for kids educational seminar packet, Plaintiff's Motion to appoint Guardian, the Order appointing Guardian and the Plaintiff's UCCJEA affidavit as well as his financial statement.

{¶11} Thereafter, Mary Saylor, an employee of appellant's counsel, filed her affidavit, attached to appellant's reply memorandum filed May 1, 2013, and averred a search of the trial court's docket established a summons was not included: "I was able to obtain a copy of the aforesaid November 16, 2012 Return of Service filing (a true copy of which filing is attached hereto), but the counter employee, whose name I believe is Jen, advised she could not provide me a copy of the aforesaid Summons, as her office does not maintain copies of same."

{¶12} The praecipe filed June 5, 2012 requested the following:

**TO THE CLERK:**

Please serve a copy of the Complaint for Visitation, Affidavit, Motion to Appoint Guardian Ad Litem, Order Appointing Guardian Litem, Working Together for Kids Educational Seminar, Financial Affidavit, UCCJEA, and the Judgment Entries from January 11, 2012, January 26, 2012, April 18, 2012 and May 21, 2012, filed in the above-captioned matter by **Private Process Server, *Mindy Richmond,*** upon the

Defendant, **AMELIA DIGIANTONIA NKA OSTROWSKI**, at the following address:

> AMELIA DIGIANTONIA NKA OSTROWSKI
> C/O WALSH UNIVERSITY
> 2020 EAST MAPLE STREET
> NORTH CANTON OH  44720-3396

{¶13}  In her June 11, 2012 amended answer, appellant properly raised as her "Fifth Defense" "insufficiency of process and/or for insufficiency of service of process." In her "Ninth Defense," she contested "personal jurisdiction."

{¶14}  We note the trial court denied appellant's motions without holding a hearing.  Because of the factual issue raised by the competing affidavits and the wording of the praecipe, we reverse the trial court's decisions and remand the matter to the trial court to hold an evidentiary hearing on the issues of sufficiency of process and personal jurisdiction.  *Cogswell v. Cardio Clinic of Stark County, Inc.,* 5th Dist. Stark No. CA-8553, 1991 WL 242070 (Oct. 21, 1991).

{¶15}  Assignments of Error I and II are granted.

{¶16} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby reversed and remanded for an evidentiary hearing on the issues of sufficiency of process and personal jurisdiction.

By Farmer, P.J.

Wise, J. and

Baldwin, J. concur.


_____
Hon. Sheila G. Farmer


_____
Hon. John W. Wise


_____
Hon. Craig R. Baldwin


SGF/sg 115

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| JOHN TURNMIRE | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| AMELIA OSTROWSKI, AKA | : | |
| AMELIA DIGIANTONIA | : | |
| | : | CASE NOS.  2013CA00042 |
| Defendant-Appellant | : | 2013CA00099 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio is reversed and the matter is remanded to said court for an evidentiary hearing on the issues of sufficiency of process and personal jurisdiction.  Costs to appellee.

_____
Hon. Sheila G. Farmer

_____
Hon. John W. Wise

_____
Hon. Craig R. Baldwin