[Cite as *In re Adoption of D.N.O.*, 2014-Ohio-3458.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


IN RE: ADOPTION OF D.N.O.    :    JUDGES:
                             :
                             :    Hon. W. Scott Gwin, P.J.
                             :    Hon. Patricia A. Delaney, J.
                             :    Hon. Craig R. Baldwin, J.
                             :
                             :
                             :
                             :
                             :    Case No. 2014CA00028
                             :
                             :    O P I N I O N



CHARACTER OF PROCEEDING:          Appeal from the Stark County Court
                                  of Common Pleas, Probate Division,
                                  Case No. 213909



JUDGMENT:                         Affirmed



DATE OF JUDGMENT:                 August 4, 2014



APPEARANCES:

For Plaintiff-Appellant                For Defendant-Appellee

CRAIG T. CONLEY                        ARNOLD F. GLANTZ
604 Huntington Plaza                   Glantz Law Offices
220 Market Avenue South                4883 Dressler Rd. NW
Canton, OH 44702                       Canton, OH 44718

*Baldwin, J.*

{¶1}    Appellant Chad Ostrowski appeals from the January 31, 2014 Judgment Entry of the Stark County Probate Court denying his Motion to Vacate.

STATEMENT OF THE FACTS AND CASE

{¶2}    D.N.O. was born out of wedlock in September 2003. The relationship between the child's mother and the child's father, appellee John Turnmire, ended six months later. The mother married appellee Chad Ostrowski in 2008, and they have lived together with the child.  Appellee was incarcerated in 2005 and served three years in prison.

{¶3}    On December 13, 2011, appellee filed a complaint for visitation in the Juvenile Division of the Stark County Court of Common Pleas.

{¶4}    On January 26, 2012, appellant  filed his Petition for Adoption of Minor, asserting that appellee's consent is not required because appellee  had failed without justifiable cause to provide more than de minimis contact with the minor for a period of at least one year immediately preceding the filing of the adoption petition and/or had failed without justifiable cause to provide for the maintenance and support of the minor as required by law or judicial decree for at least one year immediately preceding the filing of the adoption petition.

{¶5}    Appellee filed a Notice Contesting the Adoption on April 9, 2012, alleging that his failure to communicate and/or support the child was justified because the child's mother had significantly interfered with his ability to communicate with the child.

{¶6} The Probate Court conducted an evidentiary hearing on November 19, 2012 on the issue of whether or not appellee's consent was required for the adoption of D.N.O. Pursuant to a Judgment Entry filed on December 19, 2012, the court found that there was justifiable cause for appellee's failure to communicate with and support the minor child and that the consent of appellee was required for the adoption of D.N.O. by appellant. The trial court, in its _____, found, in relevant part, as follows:

{¶7} "Mother testified unequivocally that she would do whatever she could to prevent Father from having contact with Dylan because she believed Father would be a bad influence on the child. She testified that she did not receive the correspondence upon Father's release from prison and that she did not receive the Facebook messages. She further testified that if she had received a Facebook message from Father she would have ignored it. She testified that if Father had come to her door and requested to see Dylan, she would not have answered the door.

{¶8} "Further, Father's action for visitation preceded the filing of the Petition for Adoption in this case by 45 days. Although Mother was not served with the Complaint prior to the Petition, the Court finds her testimony that she did not know of Father's attempts to have visitation with the child prior to the Spring [sic] of 2012 not credible. Mother and Petitioner both received notices of certified mail in December of 2012 and both failed to respond. The Guardian ad Litem sent correspondence by regular mail in either late December or early January which was not returned to him. (Tr. 76–77) The instant adoption action was not filed until January 26, 2012."

{¶9}    Appellant then appealed. Pursuant to an Opinion filed on February 19, 2013 in *In re D.N.O.*, 5th Dist. Stark No. 2012–CA–00239, 2013 -Ohio- 601, this Court affirmed the decision of the Probate Court.

{¶10}    While the appeal was pending, the Juvenile Court, pursuant to a Judgment Entry filed on February 1, 2013, found that visitation with appellee was not in the child's best interest "at this time," and ordered the child's mother to arrange for the child to undergo a psychological evaluation and follow all relative recommendations relative to the child's care.

{¶11}    On March 4, 2013, the child's mother filed a motion to vacate the February 1, 2013 judgment entry for lack of personal jurisdiction and motion to dismiss the complaint for insufficient process. By judgment entry filed on May 3, 2013, the trial court denied the motions. The child's mother then appealed. Pursuant to an Opinion filed on November 18, 2013 in *Turnmire v. Ostrowski*, 5th Dist. Stark Nos. 2013CA00042, 2013CA00099, 2013 -Ohio- 5154, this Court reversed the judgment of the Juvenile Court and remanded the matter for an evidentiary hearing on the issues of sufficiency of process and personal jurisdiction. The Juvenile Court then dismissed appellee's complaint for visitation due to failure of service within one year of filing.

{¶12}    Thereafter, on December 6, 2013, appellant filed a Motion to Vacate in the Probate Court. Appellant, in his motion, asked that the court vacate its December 19, 2012 Judgment Entry that found that appellee's consent to the adoption was necessary. Appellant argued that because the complaint for visitation was dismissed, the Probate Court "should not have considered either the purported pendency of Father's de jure non-existent visitation action or any hearing testimony related thereto." Appellant noted

that because the child's mother had never been served with the summons and complaint with respect to the action for visitation, the complaint for visitation never de jure existed and that _____.

{¶13} As memorialized in a Judgment Entry filed on January 31, 2014, the Probate Court denied such motion. The Probate Court, in its Judgment Entry, held that appellant had failed to show that he had a meritorious claim to present if the requested relief was granted and that appellant had failed to show that he was entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5).

{¶14} Appellant now raises the following assignment of error on appeal:

{¶15} THE TRIAL COURT ERRED IN ITS DENIAL OF PETITIONER'S/APPELLANT'S MOTION TO VACATE.

I

{¶16} Appellant, in his sole assignment of error, argues that the trial court erred in denying his Motion to Vacate. We disagree.

{¶17} The decision whether to grant a motion for relief from judgment under Civ.R. 60(B) lies within the trial court's sound discretion. *Griffey v. Rajan,* 33 Ohio St.3d 75, 514 N.E.2d 1122 (1987). In order to find abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 450 N .E.2d 1140 (1983).

{¶18} Civil Rule 60(B) provides, "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been

discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A party seeking relief from judgment pursuant to Civ.R. 60(B) must show: "(1) a meritorious defense or claim to present if relief is granted; (2) entitlement to relief under one of the grounds set forth in Civ.R. 60(B)(1)-(5); and (3) the motion must be timely filed." *GTE Automatic Electric, Inc. v. ARC Industries, Inc.,* 47 Ohio St.2d 146 at paragraph two of syllabus, 351 N.E.2d 113 (1976).

{¶19}   As noted by this Court in our Opinion filed on February 19, 2013 in *In re D.N.O.,* 5th Dist. Stark No. 2012–CA–00239, 2013 -Ohio- 601 at paragraphs 7-12, the following evidence was adduced at the November 19, 2012  hearing:

{¶20}   "Mother testified that the minor has not received any communications from Father [appellee]. Mother further testified that Father had no contact with the minor either by phone or by correspondence during the time that he was incarcerated. Nor has he been in contact with the child since his release from prison. The minor was eight years old at the time of the hearing.

{¶21}   "Father testified that in 2007 an Order of Child Support was issued requiring him to pay zero dollars in child support for the minor child (Exhibit Q). The Order provides that health insurance was not available as of the date of the Order but

that should it become available, Father was required to inform the Child Support Enforcement Agency. Father testified that he has provided health insurance for the minor child since January of 2009 through his employer. (Exhibit R).

{¶22} "Father testified that upon release from prison he attempted to contact Mother and requested to see the child. Father produced a copy of correspondence that he wrote to Mother which he sent to her current Culver Drive address. (Exhibit A) In the letter Father stated that he tried calling Mother but that the numbers have been changed. He advised that he wished to establish visits with the child and arrange for child support. He testified that Mother did not respond to that letter or any subsequent letters. Father testified that he wrote a letter in the summer of 2011 and attempted to contact Mother via Facebook. Father provided two printouts of messages that he sent to Mother, one in November of 2011 and one in December 2012. Both messages requested visitation with the child, (Exhibits A–1 and A–2). Finally, Father testified that he filed an action for visitation in the Stark County Family Court on December 13, 2011 in Case Number 2011JCV01658.

{¶23} "Ostrowski and Mother both deny any contact with Father in the one-year preceding the filing of the Petition. Although they admit to having knowledge of the action for visitation, they testified that they did not know of the action until the spring of 2012. Service of the complaint for visitation was not complete until November 2012. Certified mail sent to both Ostrowski and Mother was returned as unclaimed. The Guardian ad Litem in the Family Court case testified that he sent correspondence to Mother in December of 2011 or January of 2012 that was not returned, however, she did not pay the deposit or contact the Guardian ad Litem as requested in that letter.

{¶24} "Mother testified that she had no knowledge of the fact that Father was providing insurance coverage for the child. She testified that she did appear at a hearing for child support after D.N.O. was born but that Father was not ordered to provide any support. With regard to the Facebook messages, Mother testified that if she had received them she would have ignored them. (Tr. 37) Mother further testified that she did not want Father to be a part of the child's life and that she has done whatever she could to avoid his involvement. (Tr. 31) She reiterated that she will do whatever it takes to stop Father from seeing the child (Tr. 40). Mother further testified that if Father had come to her door in the year preceding the filing of the Petition she would not have let him in (Tr. 40).

{¶25} "Elaine Turnmire, paternal Grandmother, lives with Father. Elaine Turnmire testified that Father showed her a post that Father had sent to Mother in November 2011. (Tr. 103) She also testified that Father told her that he sent Mother a letter in the summer of 2011 but that she did not see the letter. (Tr. 104) Elaine Turnmire further testified that she tried to have contact with the child on four occasions while Father was incarcerated but that Mother would not answer the door. Finally, Elaine Turnmire testified that she filed an action for grandparent visitation, which was opposed by Mother and eventually was denied."

{¶26} The trial court, in its January 31, 2014 Judgment Entry, stated, in relevant part, as follows in holding that appellant had failed to meet his burden of showing that he had a meritorious defense to present if the requested relief was granted:

{¶27} Petitioner is correct that as a matter of law, the visitation action was not properly commenced under the requirements of the Rules of Civil Procedure. However,

that does not require the Court to conclude that the complaint for visitation was never actually filed. Nor does it require the Court to disregard testimony regarding the filing of the complaint, the attempts to serve the complaint, or the various communications by the Guardian ad Litem.

{¶28} Even if the Court were to disregard all testimony relating to the visitation action, there is ample evidence that Father's failure to provide more than *de minimis* contact with the child was justified. Mother previously testified that any effort by Father would have been rejected or ignored, and that she would deny all contact between Father and the child. The Court found that her testimony that she was unaware of Father's efforts to have visitation with the child prior to the spring of 2012 was not credible. The dismissal of the visitation action for lack of service does not affect the Court's finding. Therefore, Petitioner has failed to meet his burden of showing that he has a meritorious claim to present if the relief requested were granted. Thus, the Court finds that Petitioner has failed to satisfy the first prong of the *GTE* test.

{¶29} Based on the testimony set forth above, we cannot say that the trial court abused its discretion in denying appellant's Motion to Vacate. The trial court's decision was not arbitrary, unconscionable or unreasonable, but was based on the court's belief that the child's mother was not credible and the child's mother did everything in her power to prevent appellee from having contact with the minor child. We note that while the trial court, in her _____Judgment Entry, _____ the visitation action that was dismissed_____, it was an additional factor that the court relied on in finding that appellee's consent to the adoption was necessary, not the sole factor.

{¶30}   Because we find that appellant failed to show that he had a meritorious defense or claim to present if relief was granted, we need not determine whether or not appellant was entitled to relief under one of the grounds set forth in Civ.R. 60(B)(1)-(5).

{¶31}   Appellant's sole assignment of error is, therefore, overruled.

{¶32}   Accordingly, the judgment of the Stark County Court of Common Pleas, Probate Division is affirmed.

By: Baldwin, J.

Gwin, P.J. and

Delaney, J. concur.