Rosette, Appellant, *v.* Countrywide Home Loans, Inc., Appellee.

Piro et al., Appellants, *v.* National City Bank, Appellee.

[Cite as *Rosette v. Countrywide Home Loans, Inc.,* 105 Ohio St.3d 296, 2005-Ohio-1736.]

(Nos. 2004–0524 and 2004–0525—Submitted February 16, 2005—Decided April 27, 2005.)

Alice Robie Resnick, J.

{¶ 1} These two discretionary appeals have been consolidated for purposes of oral argument and decision because they arise from analogous facts and present a common legal issue.

*Case No. 2004–0524*

{¶ 2} On June 11, 2002, appellant, Jose Rosette, filed an action for statutory relief, interest, and costs on behalf of himself and "[a]ll persons who paid off mortgage loans where Countrywide Home Loans, Inc. was the mortgagee, and whose mortgage satisfactions were not timely filed as required by [R.C. 5301.36]." Appellant asked the court to certify two classes: (1) a class of Ohio residential mortgagors whose releases were not timely recorded by appellee, Countrywide Home Loans, Inc., after March 11, 1996, and (2) a class of out-of-state mortgagors whose releases were not timely recorded by appellee under the laws of their respective jurisdictions.

{¶ 3} The trial court denied certification of the proposed class of out-of-state mortgagors but certified the class of Ohio mortgagors. However, the court applied the one-year limitations period of R.C. 2305.11(A) for actions on "a statute for a penalty or forfeiture," thus limiting the class of Ohio mortgagors to those whose releases were not timely recorded by appellee after March 13, 2001.

{¶ 4} Appellant appealed to the Court of Appeals for Cuyahoga County, arguing that the trial court erred in applying a one-year statute of limitations to his claim. Appellant contends that the applicable statute of limitations is the six-year limitations period of R.C. 2305.07, for actions on "a liability created by statute other than a forfeiture or penalty." The appellate court affirmed the trial court's application of the one-year statute of limitations after concluding that R.C. 5301.36(C) is penal rather than remedial in nature.

### Case No. 2004-0525

{¶ 5} On April 12, 2002, appellants, Tracy and Vincent Piro, filed an action for statutory damages under R.C. 5301.36 and interest and costs on behalf of themselves and the class of persons "who since January 12, 1996 paid off mortgages recorded in Ohio secured by two or fewer residential units where National City Bank was the mortgagee—where releases weren't recorded with county recorders within 90 days of the payoff." Appellants moved for certification of two classes: (1) a class of Ohio mortgagors whose releases were not timely recorded by appellee National City Bank after January 12, 1996, and (2) a class of out-of-state mortgagors whose releases were not timely recorded by appellee under the laws of their respective jurisdictions.

{¶ 6} On April 10, 2003, the trial court denied certification of the proposed class of out-of-state mortgagors but certified the class of Ohio mortgagors. National City Bank appealed from the trial court's class certification to the Court of Appeals for Cuyahoga County. Thereafter, on May 23, 2003, the trial court issued an order limiting the certified class to those Ohio mortgagors whose releases were not timely recorded after January 12, 2001. In modifying the certified class, the trial court reasoned that a claim for relief under R.C. 5301.36(C) is an action on "a statute for a penalty or forfeiture" subject to the one-year limitations period of R.C. 2305.11(A).

{¶ 7} Appellants appealed from the trial court's May 23 order to the Court of Appeals for Cuyahoga County, arguing against the application of a one-year statute of limitations to their claims. The appellate court consolidated the two appeals.

{¶ 8} The Court of Appeals for Cuyahoga County affirmed the trial court's April 10 order but limited the defined class to those Ohio mortgagors whose mortgage releases were not timely recorded by appellee after January 12, 2001,

rather than January 12, 1996, just as the trial court had in its May 23 order. Further, the appellate court ruled that appellee's notice of appeal of the April 10 order divested the trial court of jurisdiction to modify the certified class in its May 23 order, and it dismissed appellants' appeal as moot. But the appellate court agreed that the class should be modified to reflect the one-year limitations period of R.C. 2305.11(A).

{¶ 9} These causes are now before this court pursuant to the allowance of discretionary appeals.

{¶ 10} We are asked to determine the applicable statute of limitations on an action for statutory damages under R.C. 5301.36(C). Under R.C. 5301.36(C), a "mortgagor may recover, in a civil action, damages of two hundred fifty dollars" if the mortgagee fails to record the satisfaction of a residential mortgage with the appropriate county recorder's office within 90 days from the date of satisfaction. R.C. 5301.36 does not contain a statute of limitations; therefore, we must look to other sections of the Revised Code for the appropriate limitations period. *Cosgrove v. Williamsburg of Cincinnati Mgt. Co., Inc.* (1994), 70 Ohio St.3d 281, 282, 638 N.E.2d 991.

{¶ 11} R.C. 2305.11(A) sets a limitations period of one year for "an action upon a statute for a penalty or forfeiture." R.C. 2305.07 provides a six-year limitations period for "an action * * * upon a liability created by statute other than a forfeiture or penalty." Consequently, the core issue becomes whether R.C. 5301.36(C) "creates a statutory liability or whether it is a 'statute for a penalty,' *i.e.*, whether it is a remedial or a penalty statute." *Cosgrove*, 70 Ohio St.3d at 282, 638 N.E.2d 991.

{¶ 12} In construing a statute, a court must ascertain the intent of the legislature. *In re Guardianship of Lombardo* (1999), 86 Ohio St.3d 600, 604, 716 N.E.2d 189, citing *State ex rel. Sinay v. Sodders* (1997), 80 Ohio St.3d 224, 227, 685 N.E.2d 754. In determining intent, a court must look to the language of the statute, giving effect to the words used and not deleting words used or inserting words not used. *Rice v. CertainTeed Corp.* (1999), 84 Ohio St.3d 417, 419, 704 N.E.2d 1217; *Cline v. Ohio Bur. of Motor Vehicles* (1991), 61 Ohio St.3d 93, 97, 573 N.E.2d 77.

{¶ 13} The statutory language is clear: R.C. 5301.36(C) expressly provides that a mortgagor "in a civil action" may sue for "damages." To conclude that R.C. 5301.36(C) creates a penalty, this court would have to delete the term "damages," a word used by the legislature, and insert the term "penalty" or "forfeiture," words not chosen by the legislature. Doing so would flout our responsibility to give effect to the words selected by the legislature in enacting a statute.

{¶ 14} Clearly, the General Assembly could have used the term "penalty" or "forfeiture" if it had intended R.C. 5301.36(C) to create an action for a penalty or

forfeiture. Indeed, the legislature has used such penalty/forfeiture language in other statutes. See R.C. 1321.56 ("[a]ny person who willfully violates section 1321.57 of the Revised Code shall *forfeit* to the borrower the amount of interest paid by the borrower"); see, also, R.C. 149.351(B)(2) (providing that any person aggrieved by the removal, destruction, transfer, or mutilation of a public record may bring a civil action to recover a *"forfeiture* in the amount of one thousand dollars for each violation"). (Emphasis added.) To presume that the legislature meant "penalty" or "forfeiture" when it used the term "damages" is to presume imprecision on the part of the General Assembly. We decline to make such a presumption in this case.

{¶ 15} Finally, the Court of Appeals for Cuyahoga County in case No. 2004–0524 reasoned that the amount of damages of $250 set forth in R.C. 5301.36(C) was clearly penal rather than remedial because the statute also provides that the recovery of such damages "does not preclude or affect any other legal remedies that may be available to the mortgagor." However, such reasoning is clearly in error given our previous holdings that " ' "[a] law is not penal merely because it imposes an extraordinary liability on a wrongdoer in favor of a person wronged, which is not limited to damages suffered by him." ' " *Rice v. CertainTeed Corp.*, 84 Ohio St.3d at 421, 704 N.E.2d 1217, quoting *Cosgrove v. Williamsburg of Cincinnati Mgt. Co., Inc.*, 70 Ohio St.3d at 289, 638 N.E.2d 991 (Resnick, J., concurring), quoting *Floyd v. DuBois Soap Co.* (1942), 139 Ohio St. 520, 523, 23 O.O. 20, 41 N.E.2d 393.

{¶ 16} Based on all of the foregoing, we hold that because R.C. 5301.36(C) provides that a mortgagor may sue for "damages," it is a remedial statute and is thus subject to the six-year limitations period of R.C. 2305.07.

{¶ 17} Accordingly, the judgments of the court of appeals are reversed, and the causes are remanded to the trial court for further proceedings.

*Judgments reversed*
*and causes remanded.*

MOYER, C.J., PFEIFER and O'DONNELL, JJ., concur.

LUNDBERG STRATTON, O'CONNOR and LANZINGER, JJ., dissent.

---

**LANZINGER, J., dissenting.**

{¶ 18} By deciding that R.C. 5301.36(C) must be remedial, not penal, because it refers to the statutory amount as "damages," rather than as a "penalty," the majority has retreated from its previously articulated analysis of statutory purpose. In *Cosgrove v. Williamsburg of Cincinnati Mgt. Co., Inc.* (1994), 70 Ohio St.3d 281, 638 N.E.2d 991, a majority of this court agreed that " [t]he test is

not by what name the statute is called by the legislature or the courts of the State in which it was passed, but whether it appears to the tribunal which is called upon to enforce it to be, in its essential character and effect, a punishment for an offence against the public, or a grant of a civil right to a private person.' " Id. at 290, 638 N.E.2d 991 (Resnick, J., concurring, joined by Moyer, C.J., A.W. Sweeney, Douglas, and Wright, JJ.), quoting *Huntington v. Attrill* (1892), 146 U.S. 657, 683, 13 S.Ct. 224, 36 L.Ed. 1123. Now the characterization of a statute as remedial or penal will be determined by a single word.

{¶ 19} The majority concludes that unless the General Assembly specifically uses the term "penalty" or "forfeiture," the statute is remedial. This analysis is simplistic. In my view, the language under discussion should be seen in context. R.C. 5301.36 reads in its entirety:

{¶ 20} "(A) Except in a county in which the county recorder has elected to require that all satisfactions of mortgages be recorded by separate instrument as allowed under section 5301.28 of the Revised Code, when recording a mortgage, county recorders shall leave space on the margin of the record for the entry of satisfaction, and record therein the satisfaction made on the mortgage, or permit the owner of the claim secured by the mortgage to enter such satisfaction. Such record shall have the same effect as the record of a release of the mortgage.

"(B) Within ninety days from the date of the satisfaction of a residential mortgage, the mortgagee shall record the fact of the satisfaction in the appropriate county recorder's office and pay any fees required for the recording. The mortgagee may, by contract with the mortgagor, recover the cost of the fees required for the recording of the satisfaction by the county recorder.

"*(C) If the mortgagee fails to comply with division (B) of this section, the mortgagor may recover, in a civil action, damages of two hundred fifty dollars. This division does not preclude or affect any other legal remedies that may be available to the mortgagor.*

"(D) As used in this section, 'residential mortgage' means an obligation to pay a sum of money evidenced by a note and secured by a lien upon real property located within this state containing two or fewer residential units or on which two or fewer residential units are to be constructed and shall include such an obligation on a residential condominium or cooperative unit." (Emphasis added.)

{¶ 21} This regulatory statute has a broad purpose. It assists the state as well as all those involved in real estate transactions by encouraging those transactions and reducing costly disputes. The 90-day recording requirement in R.C. 5301.36(B) is not simply aimed at aiding an individual borrower. If a mortgagee does not record properly within 90 days, the associated fine may be imposed for the failure as a deterrent.

{¶ 22} R.C. 5301.36(C) makes the mortgagee liable for the sum of $250 for failing to file satisfaction of a mortgage within 90 days. Its purpose is to penalize noncompliance, without any regard to whether the mortgagor has suffered any actual losses. Furthermore, the amount statutorily designated for noncompliance does not substitute for actual damages. Recovery is not tied to the harm suffered by an aggrieved individual. Any borrower who is actually injured will have recourse to a tort action, for R.C. 5301.36(C) also expressly provides that "[t]his division does not preclude or affect any other legal remedies that may be available to the mortgagor."

{¶ 23} The majority relies in part on *Cosgrove,* 70 Ohio St.3d 281, 638 N.E.2d 991, a case that interpreted R.C. 4112.99. That statute reads, "Whoever violates this chapter is subject to a civil action for damages, injunctive relief, or any other appropriate relief." In *Cosgrove,* we found that the section provided a remedy rather than a penalty. Id. at syllabus.

{¶ 24} In contrast, R.C. 5301.36(C) establishes a fixed, predetermined statutory sum for the noncompliance of a mortgagee. It is not a general authorization for civil action, as is R.C. 4112.99. Instead, R.C. 5301.36(C) imposes a fine and does not limit the damages that may otherwise be obtained by a mortgagor for actual losses sustained as a result of any recording delay.

{¶ 25} Admittedly, the statute does use the word "damages" instead of "penalty" or "forfeiture." However, in *Rice v. CertainTeed Corp.* (1999), 84 Ohio St.3d 417, 419, 704 N.E.2d 1217, this court acknowledged that the term "damages," absent a restrictive modifier like "compensatory," "actual," "consequential," or "punitive," is "an inclusive term embracing the panoply of legally recognized pecuniary relief."

{¶ 26} Now, to the contrary, the word "damages" is held not to include the terms "forfeiture" and "penalty." As I believe such a distinction is unwarranted and because I conclude that a claim for relief under R.C. 5301.36(C) is an action on "a statute for a penalty or forfeiture" subject to the one-year statute of limitations of R.C. 2305.11(A), I respectfully dissent.

LUNDBERG STRATTON and O'CONNOR, JJ., concur in the foregoing dissenting opinion.

---

Dworken & Bernstein Co., L.P.A., and Patrick J. Perotti; and Brian Ruschel, for appellants.

Thompson Hine, L.L.P., Dena M. Kobasic, and Jennifer Mingus Mountcastle; Severson & Werson and Jan T. Chilton, for appellee Countrywide Home Loans, Inc., in case No. 2004-0524.

Jones Day, John M. Newman Jr., Geoffrey J. Ritts, and Robert J. Colacarro, for appellee National City Bank, in case No. 2004–0525.