{¶ 21} I dissent from the majority opinion with respect to the finding that R.C. 4905.61 is a remedial provision. Nevertheless, I agree that the matter should be reversed and remanded because, in my view, the matter is not barred by the one-year statute of limitations.
 {¶ 22} Although I believe the facts are distinguishable, I understand the majority's application of Rosette v. Countrywide Home Loans, Inc.,105 Ohio St.3d 296, 2005-Ohio-1736, to the case at hand. Nevertheless, because I believe the facts are distinguishable, I would find the triple damage provision outlined under R.C. 4905.61 punitive, regardless of the statutory language used, since the effect is punitive, applying common sense and basic logic involving damages. When a party is compensated to the tune of three times the actual damages sustained, it is hard to keep a straight face and say the tortfeasor is not being "penalized" or the statute is not "punitive."
 {¶ 23} Understandably, the majority analysis places great weight on the language in the statute, yet I am left to wonder just how much the legislature thought about the term "damages" or "penalty" when the statute was implemented. Although the legislature did not expressly state it as a penalty, common sense, logic, and the extensive prior precedent concerning triple damage awards suggest that is what was intended.Usternal v. Gem Boat Service, Inc. (Nov. 20, 1992), Ottawa App. No. 91-OT-051, Hardman v. Wheels, Inc. (1988), 56 Ohio App.3d 142;Mihailoff v. Ionna (May 6, 1987), Hamilton App. No. C-860040.
 {¶ 24} The majority opinion points out what I see as the critical problem with the analysis in this case: "* * * we note that the legislature chose the word `damages' in describing the liability of a public utility for violating Chapter 4905, rather than `penalty' or `forfeiture.'"
 {¶ 25} I don't believe the legislature "chose" anything. I doubt the legislature had any concept that courts would find a reason to draw any distinction involving the innocuous term "damages" as it appears in this statute. While I acknowledge in principle the line of cases preferring the "form" of language as written over the "substance" as intended, I find the result illogical and inconsistent.
 {¶ 26} As noted, the majority places great weight on the recent Supreme Court decision in Rosette, supra, where the court determined that damages of $250 set forth in R.C. 5301.36(C) were not punitive because the General Assembly failed to use the term "penalty" or "forfeiture" and instead used the term "damages." I believe Rosette is distinguishable from the current case by the type of damages involved. Rosette involved a set damage figure of $250, far different than the triple damage amount awarded here. A triple damage claim is clearly designed to award an amount far in excess of the actual damages. Usternal v. Gem BoatService, Inc. (Nov. 20, 1992), Ottawa App. No. 91-OT-051.
 {¶ 27} The majority declined to address appellants' second assignment of error, which reads as follows:
 {¶ 28} "The trial court erred in granting appellee's motions to dismiss by failing to apply the statute of limitations period from the date of the decisions of the Ohio Supreme Court which provide the basis for the claims below."
 {¶ 29} I would address this assigned error and find that while the one-year statute of limitations is applicable to actions under R.C.4905.61, as I believe they are punitive, it does not commence until the action has "accrued." In my view, the action in this case did not accrue until the Supreme Court issued and filed its judgment entry regarding the earlier PUCO decision on February 19, 2003.
 {¶ 30} The right of direct appeal to the Supreme Court of Ohio for parties involved in PUCO rulings, in my view, changes the traditional view involving when a cause of action "accrues" for purposes of determining the commencement date of the statute of limitations. Ohio employs a bifurcated procedure for adjudicating and remedying violations of state utility laws. The two-step liability process, involving both the PUCO and the Supreme Court of Ohio, is distinct from the determination of damages held at the trial court level. Because parties cannot directly sue in common pleas court,[1] absent a finding of liability on the part of the utility, I would hold that the cause of action does not accrue, and thus the statute of limitations does not commence, until a formal determination of liability is established.
 {¶ 31} Here, the parties exercised their right of direct appeal to the Supreme Court of Ohio. This case could not proceed on the damage claim until the two-step liability process was concluded. As such, I would find that while the one-year statute of limitations under R.C. 2305.11 does apply to R.C. 4905.61, it does not commence to run until the cause of action accrues, which occurs when the Supreme Court formally issues its judgment entry on the subject.[2] In this instance the cause of action was filed exactly one year after the journalization of that order and, as such, the action was timely filed.
[1] State ex rel. Cleveland Elec. Illuminating Co. v. CuyahogaCounty Court of Common Pleas, 88 Ohio St.3d 447, 2000-Ohio-379.
[2] In the unlikely event neither party exercised its right of direct appeal to the Supreme Court of Ohio, the cause of action would "accrue" when the appeal time lapsed.