Lanzinger, J.,
concurring in part.
{¶ 106} Although I agree that R.C. 2745.01 does not violate Section 34 or 35, Article II of the Ohio Constitution, I respectfully concur only in part because I would overrule Johnson v. BP Chems., Inc. (1999), 85 Ohio St.3d 298, 707 N.E.2d 1107, rather than artificially limiting it.
*276 {¶ 107} This case joins a line of decisions that rather than overruling a prior case, limit or otherwise distinguish that case,[18] thereby avoiding an analysis under Westfield Ins. Co. v. Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256. For the reasons I previously expressed in Groch v. Gen. Motors Corp., 117 Ohio St.3d 192, 2008-Ohio-546, 883 N.E.2d 377, I would yield to a broader system of analysis that would also allow us greater freedom and enable us to be straightforward about overruling wrongly decided cases when it is necessary. Here, the court of appeals concluded, based upon Johnson, that R.C. 2745.01 was unconstitutional and in violation of Sections 34 and 35, Article II of the Ohio Constitution. The majority opinion takes great pains to show how Johnson’s analysis of these constitutional sections was seriously flawed. Yet instead of cleanly and honestly overruling the case, the majority merely limits Johnson “to the specific context of that case.” Majority opinion at ¶ 91. This is done in spite of our now contrary position that Section 34 is not a limitation on the General Assembly’s authority to enact legislation in the area of employer intentional torts.
{¶ 108} “To serve the need for predictability, consistency, and clarity in the law, we must be forthright about overruling cases when that is our true intent and is the practical effect of a decision.” Groch, 117 Ohio St.3d 192, 2008-Ohio-546, 883 N.E.2d 377 at ¶ 224 (Lanzinger, J., concurring in part). To do otherwise leads to confusion, leaving parties to struggle to determine what law is controlling.

. See Groch v. Gen. Motors Corp., 117 Ohio St.3d 192, 2008-Ohio-546, 883 N.E.2d 377 (limiting but not overruling our decision in Brennaman v. R.M.I. Co. (1994), 70 Ohio St.3d 460, 639 N.E.2d 425); Arbino v. Johnson & Johnson, 116 Ohio St.3d 468, 2007-Ohio-6948, 880 N.E.2d 420 (distinguishing but not overruling our decision in State ex rel. Ohio Academy of Trial Lawyers v. Sheward (1999), 86 Ohio St.3d 451, 715 N.E.2d 1062); State ex rel. Shelly Materials, Inc. v. Clark Cty. Bd. of Commrs., 115 Ohio St.3d 337, 2007-Ohio-5022, 875 N.E.2d 59 (limiting but not overruling our decision in State ex rel. R.T.G., Inc. v. State, 98 Ohio St.3d 1, 2002-Ohio-6716, 780 N.E.2d 998); and Cleveland Mobile Radio Sales, Inc. v. Verizon Wireless, 113 Ohio St.3d 394, 2007-Ohio-2203, 865 N.E.2d 1275 (distinguishing but not overruling our decision in Rosette v. Countrywide Home Loans, Inc., 105 Ohio St.3d 296, 2005-Ohio-1736, 825 N.E.2d 599).