1432

### 2014–0451. Dillon v. Farmers Ins. of Columbus, Inc.

Coshocton App. No. 2013CA0014, 2014-Ohio-431. This cause is pending before the court as an appeal from the Court of Appeals for Coshocton County.

Upon consideration of the motion for admission pro hac vice of Chris W. Haaf, it is ordered by the court that the motion is denied as moot. Chris Haaf has already been granted permission to appear pro hac vice in this case. The court takes notice of the 2015 certificate of registration attached to the motion for pro hac vice admission, which has been filed within the renewal-of-registration period.

### 2014–1126. Radatz v. Fed. Natl. Mtge. Assn.

Cuyahoga App. No. 100205, 2014-Ohio-2179. This cause is pending before the court as an appeal from the Court of Appeals for Cuyahoga County.

Upon review of the notice of appeal, memorandum in support of jurisdiction, list of additional authorities, second list of additional authorities, and merit brief of appellant, it is evident that Jeffrey Kilduff has not filed a timely motion for admission pro hac vice pursuant to S.Ct.Prac.R. 2.02. Therefore, it is ordered by the court, sua sponte, that Jeffrey Kilduff is stricken from the notice of appeal, memorandum in support of jurisdiction, list of additional authorities, second list of additional authorities, and merit brief of appellant for failure to comply with S.Ct.Prac.R. 2.02 and Gov.Bar R. XII(2)(A)(6)(a)-(e).

### 2011–2005. State v. Dean.

Clark C.P. No. 05–CR–348. This cause is pending before the court as a death-penalty appeal from the Court of Common Pleas of Clark County.

Upon consideration of appellant's motion to strike appellee's trial-transcript summary, it is ordered by the court that the motion is granted. Accordingly, pages 1 through 52 of appellee's appendix are stricken.

### 2012–2008. In re Application of Ohio Power Co.

Public Utilities Commission, Nos. 11–4920–EL–RDR and 11–4921–EL–RDR. This cause is pending before the court as an appeal from the Public Utilities Commission of Ohio.

Upon consideration of the application for dismissal of the cross-appeal filed by the Office of the Ohio Consumers' Counsel, it is ordered by the court that the application for dismissal of the cross-appeal of the Office of the Ohio Consumers' Counsel is granted. Accordingly, the cross-appeal of the Office of the Ohio Consumers' Counsel is dismissed, and Ohio Power Company's appeal and Industrial Energy Users–Ohio's cross-appeal remain pending.